GLADNEY, Judge.
The defendant has appealed from a judgment rendered on October 29, 1964 granting unto his wife a separation from bed and board “a mensa et thoro” dissolving the community of acquets and gains and continuing alimony previously ordered.
Plaintiff and defendant were married May 31, 1939, and their two children at the time of the trial were majors. James Francis Semon had been in the air-conditioning and heating installation and service business in a partnership which became insolvent. On the night of May 6, 1964, he left, the matrimonial residence and has steadfastly refused to return. This suit was instituted on September 11, 1964, by the wife alleging abandonment. A rule for alimony pendente lite was made absolute by an award of alimony in the sum of $150.00 per month. After trial on the merits, and upon rendering judgment granting the separation, the judge gave the following reasons which we adopt:
“The question to be decided in this case is whether the defendant, Mr. Semon, had lawful cause in leaving home. The evidence indicates that he did leave the home under circumstances that would prove to show that he didn’t intend to return or resume the marital relationship; that he left without lawful cause. And if he left without lawful cause, then, he committed the act of abandonment, and the plaintiff is entitled to a separation. If he left with lawful cause, he was justified, and the plaintiff is not entitled to a separation.
“The defendant attempted to prove that he was justified in leaving the matrimonial domicile because he was in fear of his life or his personal safety. The Court *230 must judge these matters on the evidence that is adduced. And one presenting such a defense in a case like this has the obligation of proving by a preponderance of the evidence his contention, his justification in committing the act complained of.
“The defendant’s testimony, we feel, was an effort to meticulously cite the facts truthfully, and his testimony was not that the plaintiff, his wife, had actually threatened his life. He testified about two occurrences before the separation that could be considered to have some bearing on his well-being. One was that he was met at the door one night by his wife pointing a shotgun at his stomach. There is no explanation for her presence with a shotgun. There was no testimony that she knew he was there at the door. There is no explanation about what happened after ))the defendant entered the house and found his wife pointing a shotgun at his stomach. At any rate, this is an occurrence that transpired some months prior to the separation, and the witness himself testified that he •didn’t think too much about the incident at that time.
“The testimony that Mr. Semon gave concerning the cause for the separation was that his wife told him during the course of an argument that on many nights she had considered going to the kitchen and getting a butcher knife. And I think he related that she said she was going to get the butcher knife to use on the defendant. This, he also testified, didn’t disturb him very much until he began to discuss it with his friends who advised him not to return.
“The defendant did not state that his wife at that time or at any other time prior to the separation threatened his life. The defendant did not give any evidence on which the Court can base a decision that he was justified in leaving the matrimonial domicile because of acts proved that led him to believe as a reasonable man that his body was in danger, that his personal safety was jeopardized.
“We are not called upon to decide whether Mr. Semon did the wise thing in removing himself from the matrimonial domicile. He has the right. Nobody can force him to live under any circumstances that he doesn’t want to, or that he doesn’t think is wise or advisable. There are certain consequences of his act, however, and consequences of this is a separation in favor of his wife, judgment in favor of his wife.
“We are not satisfied with the evidence produced in court. We are not satisfied that the Court has been shown that a reasonable man would have been placed in fear of his life by the actions of the plaintiff prior to the separation.”
The findings so made are fully substantiated by the record.
The principal contention of appellant is that the defendant was justified in leaving his residence because of fear of bodily harm. We agree with the trial court that the evidence reveals defendant was not actually in fear of his life. The incident relating to the shotgun occurred during the previous March after which appellant had condoned such occurrence by residing with his wife. For this reason the case of Dejoie v. Dejoie, 224 La. 611, 70 So.2d 398, is inapposite because of different circumstances.
Counsel for appellant in brief also brings to our attention a decree of divorce granted by an Arkansas Court in favor of appellant on October 29, 1964. A. copy of this decree was attached to the husband’s application for a new trial. The jurisdiction of the Louisiana trial court has not been seriously challenged, and it appears to us that at the time appellee instituted this suit for judicial separation Caddo Parish was the matrimonial domicile of the parties.
For the reasons hereinabove stated the judgment is affirmed at appellant’s costs.